Kastrati v. Holder

BIA
Morace, IJ
A094 896 344

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of November, two thousand ten.

PRESENT:
      JON O. NEWMAN,
      GUIDO CALABRESI,
      ROBERT A. KATZMANN,
         *Circuit Judges*.

_____

BESART KASTRATI,
      *Petitioner*,

        v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
      *Respondent*.

09-5203-ag
NAC

_____

FOR PETITIONER:      Sokol Braha, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Ada E. Bosque, Senior Litigation Counsel; Puneet Cheema, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Besart Kastrati, a native and citizen of Kosovo, seeks review of a December 2, 2009 decision of the BIA affirming the February 15, 2008 decision of Immigration Judge ("IJ") Philip L. Morace denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Besart Kastrati*, No. A094 896 344 (B.I.A. Dec. 2, 2009), *aff'g* No. A094 896 344 (Immig. Ct. N.Y. City Feb. 15, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

"Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we will review both the BIA's and IJ's opinions – or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA." *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). Under the circumstances of this

2

case, "we review the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008) (quoting 8 U.S.C. § 1252(b)(4)(B)).

> When evaluating credibility determinations for substantial evidence, we afford "particular deference" to the IJ. We must assess whether the IJ has provided "specific, cogent reasons for the adverse credibility finding and whether those reasons bear a legitimate nexus to the finding." "Where the IJ's adverse credibility finding is based on specific examples . . . of inconsistent statements" or "contradictory evidence," a "reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise."

*Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (citations omitted).

Here, the agency reasonably determined that Kastrati did not credibly establish that he had a well-founded fear of persecution upon return to Kosovo on account of his political opinions. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(ii); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 544-45 (2d Cir. 2005). We conclude that the agency's adverse credibility determination was supported by substantial evidence given the inconsistencies between Kastrati's testimony at his merits hearing and his previous

3

statements, and given Kastrati's failure to provide evidence to corroborate his claims regarding the motivations behind the bombing of his house.

In supporting its adverse credibility determination, the agency reasonably relied on an inconsistency between, on the one hand, Kastrati's statement in his asylum application that he took threats he received in December 2005 lightly, and, on the other, his testimony at the merits hearing that he reported these threats to the police and that these threats were central to his fear of persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 167. The agency also reasonably relied on an inconsistency between Kastrati's statement during his credible fear interview that, with respect to his affiliation with the Democratic League of Kosovo ("LDK"), he was not an activist, but rather only a sympathizer, and his hearing testimony that he was in fact a political activist engaged in a variety of political activities. *See Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009).

Furthermore, the agency did not err in relying in part on the lack of corroboration for Kastrati's claim that the bombing of his house had a political motive and targeted him specifically. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273

4

(2d Cir. 2007) (holding that "[a]n applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question"). The IJ attributed significance to this lack of corroboration in light of, *inter alia*, the existence of documentary evidence indicating that Kastrati's cousin was killed by a police officer because of a family or personal feud rather than, as Kastrati claimed, because his cousin supported the LDK. Although Kastrati argues that the IJ erred in relying on Kastrati's lack of knowledge of the circumstances of his cousin's death, the IJ did not base his adverse credibility finding on this lack of knowledge. Instead, the IJ reasonably considered the evidence indicating that Kastrati's cousin was killed for reasons other than political ones as casting doubt upon Kastrati's related, uncorroborated claim regarding the bombing of his house. *See* 8 U.S.C. § 1158(b)(1)(b)(ii); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir. 2006).

Because the agency's adverse credibility determination is supported by substantial evidence and because Kastrati's claims depend on the testimony determined not to be credible, the agency did not err in denying asylum or

5

withholding of removal.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).  We decline to address the denial of Kastrati's CAT claim, as it was not sufficiently challenged in his brief.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk